# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN M. OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1733 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion to Alter or Amend Judgment (Doc. 19) will be denied.

As indicated in the Memorandum Order dated October 17, 2008 (Doc. 17), the ALJ erred in placing "great weight" on the reports of treating neurologist Dr. Benjamin Smolar in support of his RFC determinations, when the only reference in those records regarding Plaintiff's capacity to work indicated she could not. *See generally id.* at 3-4. Nothing in the instant Motion causes the Court to modify its conclusion, and Defendant's arguments to the contrary are rejected.

Further, the Court found insufficient medical evidence to support the ALJ's RFC assessment. *See id.* at 4-5. Although Defendant suggests this conclusion improperly shifted the burden regarding disability to the Social Security Administration, the law is clear that the ALJ owed an affirmative duty to develop the record as was necessary to render a supportable decision. *See* Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995) ("ALJs have a duty to develop a full and fair record in social security cases," and they "must secure relevant information regarding a claimant's entitlement to social security benefits") (citations omitted).

Finally, to the extent Defendant argues that, placing Dr. Smolar's reports aside, there existed sufficient evidence and explanations supporting the ALJ's RFC determination, the Court's review of his decision and the record in entirety has failed to reveal the same. *Compare, e.g.*, Def.'s Mot. at 7 ("an ALJ must arrive at claimant's RFC by considering the credibility of [her] symptoms and the extent to which her symptoms could reasonably be accepted as consistent with the objective medical evidence") *with* ALJ's Decision, R. at 20 (stating RFC's determinations were supported by "state agency medical consultants," but failing to explain how or why); *see also generally* Books v. Chater, 91 F.3d 972, 980 (7th Cir. 1996) (for ALJ's decision to withstand judicial scrutiny, he must "sufficiently articulate his assessment of the evidence" so that court may "trace the path of [his] reasoning") (citations and internal quotations omitted); Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) (same).

For all of these reasons, as well as those stated in the Court's Memorandum Order dated October 17, 2008, Defendant's Motion to Alter or Amend Judgment (**Doc. 19**) is **DENIED**, and this case shall be **REMANDED FORTHWITH**. *See* Order dated Oct. 17, 2008 at 6.

October 27, 2008
                                             s/Cathy Bissoon
                                             Cathy Bissoon
                                             United States Magistrate Judge

cc (via email):

Susan Paczak, Esq.
Jessica Smolar, Esq.